# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2020

Lyle W. Cayce
Clerk

No. 18-50797

————

DOYLE W. FOSTER; MARTHA G. FOSTER; THOMAS K. NELSON; CAROLYN C. NELSON,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

*************************************************************************

Consolidated with 18-50817

ROBERT ROCK; VERREE ROCK,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-818
USDC No. 1:07-CV-65

————————

No. 18-50797 c/w
No.18-50817

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

In the 1980s, the Fosters, Nelsons, and Rocks (collectively, "Taxpayers") reduced their taxable income by investing in partnerships that were later determined to be tax-avoidance schemes. The Internal Revenue Service ("IRS") disallowed certain deductions reported by the partnerships, and after the conclusion of partnership-level proceedings challenging those adjustments, the IRS assessed additional taxes against Taxpayers. Taxpayers paid the amounts assessed and brought partner-level refund suits claiming that the assessments were untimely. In both cases, the district court held that it lacked subject-matter jurisdiction because Taxpayers' claims involve matters that must be decided at the partnership level. We affirm the district court's judgments.

I.

This appeal consolidates two cases raising the same issues related to the federal treatment of partnerships for tax purposes. A partnership is not a taxable entity. *United States v. Woods*, 571 U.S. 31, 38 (2013) (citing 26 U.S.C § 701). Rather, it is a conduit through which "its taxable income and losses pass through to the partners." *Id.* Even so, a partnership must file an informational tax return reflecting its income and losses, and the partners report their shares of the partnership's tax items on their own individual returns. *Id.*; *see also Irvine v. United States*, 729 F.3d 455, 459 (5th Cir. 2013).

"Before 1982, examining a partnership for federal tax purposes was a tedious process." *Duffie v. United States*, 600 F.3d 362, 365 (5th Cir. 2010). To adjust an item on a partnership's return, the IRS had to audit each partner

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50797 c/w
No.18-50817

separately, which led to duplicative proceedings and inconsistent results. *See Woods*, 571 U.S. at 38. Recognizing these difficulties, Congress enacted the Tax Treatment of Partnership Items Act of 1982 as Title IV of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, §§ 401–07, 96 Stat. 324, 648–71.[1] TEFRA created a single, unified proceeding for determining the tax treatment of all "partnership items," i.e., those relevant to the partnership as a whole,[2] at the partnership level. *See Irvine*, 729 F.3d at 459.

Under the TEFRA framework, "partnership-related tax matters are addressed in two stages." *Woods*, 571 U.S. at 39. First, the IRS initiates an administrative proceeding at the partnership level to audit the partnership's return and make any necessary adjustments to partnership items. *Id.* If the IRS adjusts any partnership item, it must notify the partners by issuing a Notice of Final Partnership Administrative Adjustment ("FPAA"). *Rodgers v. United States*, 843 F.3d 181, 184 (5th Cir. 2016). The partnership, typically through its "tax-matters partner,"[3] may challenge the FPAA in the United States Tax Court, the Court of Federal Claims, or an appropriate district court.

---

[1] TEFRA's partnership procedures were codified as amended at 26 U.S.C. §§ 6221–6234 (2012). The Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101, 129 Stat. 584, 625–38, repealed those procedures and struck 26 U.S.C. § 7422(h), the jurisdictional provision at issue. But those changes do not apply here because the Act is effective only for tax years after 2017. We therefore proceed using the statutory provisions applicable to the relevant time period, i.e., tax years 1984 and 1985. All citations to the Internal Revenue Code and Treasury regulations refer to the versions applicable to tax years 1984 and 1985.

[2] The term "partnership item" encompasses all items that are "more appropriately determined at the partnership level than at the partner level." *Irvine*, 729 F.3d at 459 (quoting *Weiner v. United States*, 389 F.3d 152, 154 (5th Cir. 2004)). This includes "the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." *Id.* (quoting Treas. Reg. § 301.6231(a)(3)-1(b)). "The tax treatment of nonpartnership items," on the other hand, "requires partner-specific determinations that must be made at the individual partner level." *Id.* (quoting *Duffie*, 600 F.3d at 366).

[3] The tax-matters partner is "the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings and as the representative of the partnership in judicial proceedings." *Duffie*, 600 F.3d at 366 n.1.

*Irvine*, 729 F.3d at 460 (citing 26 U.S.C. § 6226(a), (b)). If a partnership-level challenge is filed, each partner is deemed a party to the case and is bound by its outcome. *Rodgers*, 843 F.3d at 185 (citing 26 U.S.C. § 6226(c)(1)). "Once the adjustments to partnership items have become final, the IRS may undertake further proceedings at the partner level to make any resulting 'computational adjustments' in the tax liability of the individual partners." *Woods*, 571 U.S. at 39 (citing 26 U.S.C. § 6231(a)(6)). The IRS can directly assess most computational adjustments against the partners, and the partners can challenge those assessments in post-payment refund actions. *See id.* (citing 26 U.S.C. § 6230(a)(1), (c)).

District courts generally have subject-matter jurisdiction over partner-level refund actions. *Rodgers*, 843 F.3d at 186 (citing 28 U.S.C. §§ 1340, 1346(a)(1); *Irvine*, 729 F.3d at 460). But, with limited exceptions, TEFRA deprives courts of jurisdiction over claims for refunds "attributable to partnership items." *Irvine*, 729 F.3d at 460 (quoting 26 U.S.C. § 7422(h)). In other words, "[i]f the refund is attributable to partnership items, section 7422(h) applies and deprives the court of jurisdiction. If . . . the refund is attributable to nonpartnership items, then section 7422(h) is irrelevant, and the general grant of jurisdiction is effective." *Rodgers*, 843 F.3d at 190 (alteration in original) (quoting *Irvine*, 729 F.3d at 461).

## II.

These cases are the latest in a long line of tax suits involving limited partnerships organized in the mid-1980s by American Agri-Corp ("AMCOR") and marketed to high income professionals across the country. The partnerships had stated goals of developing farmland and growing crops. *Duffie*, 600 F.3d at 367. But according to the IRS, the real purpose was to shelter the partners' income from taxation. *Acute Care Specialists II v. United*

*States*, 727 F.3d 802, 804 (7th Cir. 2013). They did so by "generat[ing] a large loss in the first year, allowing each partner to claim a tax deduction averaging twice the size of his investment, with the excess loss to be recaptured in subsequent years." *Prati v. United States*, 603 F.3d 1301, 1302 (Fed. Cir. 2010).

Taxpayers were partners in three different AMCOR partnerships.[4] In 1984, Doyle Foster invested as a limited partner in Agri-Venture II ("AV2"). That same year, Thomas Nelson invested as a limited partner in Travertine Flame Associates ("TFA"). And in 1985, Robert Rock invested as a limited partner in Agri-Venture Fund ("AVF"). By the end of 1986, all of the partnerships and Taxpayers had filed their tax returns for the years at issue.[5] Taxpayers reported losses from their investments in the AMCOR partnerships, reducing their tax liability.

By 1987, the IRS had begun investigating AMCOR partnerships on suspicion that they were "impermissible tax shelters." *Duffie*, 600 F.3d at 367. In 1991, after the investigation concluded, the IRS issued FPAAs to the tax-matters partners of each of the partnerships. The IRS determined that the partnerships did not actually engage in farming activities but rather "a series of sham transactions," and therefore proposed adjustments disallowing several listed farming expenses and other deductions.

Shortly thereafter, partners from each of the partnerships filed partnership-level suits contesting the FPAAs in Tax Court. Among other things, they argued that the IRS could not assess more taxes attributable to partnership items because the statute of limitations for the relevant tax years

---

[4] Martha Foster, Carolyn Nelson, and Verree Rock were not partners in the AMCOR partnerships, but they are parties to these lawsuits because they filed joint tax returns with their husbands for the relevant tax years.

[5] Notably, however, AV2's and TFA's partnership returns were both signed by "Joseph O. Voyer, Treasurer," which led to a dispute as to their validity.

had expired. In response, the IRS asserted that the FPAAs were timely issued for several reasons, including that the partnership returns for TFA and AV2 were invalid because they were not signed by a partner and that AVF's tax-matters partner granted the IRS an extension of the limitations period.

While the partnership-level suits were pending in the Tax Court, some partners chose to settle individually with the IRS, while others did not. *See, e.g., Rodgers*, 843 F.3d at 188 (noting that the plaintiffs had individually settled with the IRS); *Irvine*, 729 F.3d at 458 (same); *Prati*, 603 F.3d at 1303–04 (involving settling partners and non-settling partners). Taxpayers here chose not to settle with the IRS and instead remained parties to the partnership proceedings in Tax Court.

The Tax Court eventually consolidated the AVF suit with six other AMCOR cases as *Agri-Cal Venture Associates v. Commissioner*, 80 T.C.M. (CCH) 295 (T.C. 2000), for trial on the partnerships' statute-of-limitations defense. Although the AV2 and TFA suits were not consolidated with *Agri-Cal*, the IRS and Frederick Behrens, who was the tax-matters partner for AV2, TFA, and nearly all other AMCOR partnerships, executed stipulations to be bound by the decision on the limitations issue. In 2000, the court determined that the statute of limitations had not started running for several of the partnerships because their returns were not signed by a partner,[6] rendering the returns invalid. *Agri-Cal*, 80 T.C.M. (CCH) at 303. The court also concluded that the tax-matters partner for AVF granted the IRS a valid extension of the limitations period. *Id.* at 306. Thus, the court held that the statute of limitations had not expired. *Id.* at 311.

---

[6] Like AV2's and TFA's returns here, the returns in *Agri-Cal* were signed by "Joseph O. Voyer[,] Treasurer." *Agri-Cal*, 80 T.C.M. (CCH) at 300. The Tax Court determined that Voyer was an officer of AMCOR and was never a partner in the partnerships. *Id.*

No. 18-50797 c/w
No.18-50817

After the *Agri-Cal* decision, the IRS and Behrens engaged in negotiations to settle all of the partnership-level suits. In 2001, the Tax Court entered stipulated decisions in the AV2, TFA, and AVF suits, which decreased the amount of farming expenses the partnerships could claim. The decisions also expressly stated that "the assessment of any deficiencies in income tax . . . attributable to the adjustments to partnership items [for the relevant tax years] is not barred by the provisions of [26 U.S.C.] § 6229."

As a result of these adjustments, the IRS assessed additional taxes against the Nelsons and Fosters for 1984 and against the Rocks for 1985. Taxpayers paid the assessments in 2002 and filed administrative refund claims with the IRS two years later. The IRS denied their claims.

Taxpayers then filed refund suits in the Western District of Texas.[7] They claimed that the added taxes were assessed after the statute of limitations for making those assessments expired. The cases were stayed while similar issues were litigated in other lawsuits. In 2018, once the stays were lifted, the parties filed cross-motions for summary judgment in both cases.

The district court granted the motions filed by the United States ("Government") and dismissed both cases for lack of subject-matter jurisdiction. The court held that it lacked jurisdiction pursuant to 26 U.S.C. § 7422(h) because Taxpayers' claims that the assessments were time-barred were claims for refunds attributable to partnership items. In the alternative, the court held that it lacked jurisdiction because Taxpayers failed to file their administrative refund claims within the six-month deadline of 26 U.S.C. § 6230(c)(2)(A). Taxpayers appealed.

---

[7] The Fosters and Nelsons filed suit together on October 10, 2006, and the Rocks filed a separate suit on January 25, 2007.

No. 18-50797 c/w
No.18-50817

III.

We review a district court's determination of subject-matter jurisdiction de novo. *Calhoun County v. United States*, 132 F.3d 1100, 1103 (5th Cir. 1998). We also review a district court's grant of summary judgment de novo. *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 225 (5th Cir. 2017). "Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

IV.

Taxpayers seek refunds based on the theory that the IRS had no authority to assess additional taxes against them because the statute of limitations for the relevant years had expired. The dispositive issue, then, is whether Taxpayers' claims that the assessments were time-barred are claims for refunds "attributable to partnership items." 26 U.S.C. § 7422(h). Our analysis is relatively straightforward because prior decisions in similar cases have dealt with and resolved the issue presented.

Under § 6501(a), the IRS has three years from the filing of a partner's tax return to assess taxes against that partner. 26 U.S.C. § 6501(a). But when the assessment is attributable to partnership items, the limitations period "shall not expire" until three years after the partnership's return was filed. *Id.* § 6229(a). Section 6229 also allows for that three-year period to be extended under a variety of circumstances. *See Rodgers*, 843 F.3d at 185–86. For example, the tax-matters partner may grant the IRS an extension, which binds all partners. *Id.* at 186 (citing 26 U.S.C. § 6229(b)(1)). And if the partnership fails to file a valid return, the limitations period never begins to run, meaning "any tax attributable to a partnership item . . . arising in such year may be assessed at any time." *Id.* (quoting 26 U.S.C. § 6229(c)(3)).

8

To be clear, § 6229 is not a separate statute of limitations. Instead, it establishes "the *minimum* time period that, when necessary, extends, i.e., [supersedes], the general three-year limitations period." *Curr-Spec Partners, L.P. v. Comm'r*, 579 F.3d 391, 396 (5th Cir. 2009). Put simply, for partnership items, § 6501(a) and § 6229 "operate in tandem to provide a single limitations period." *Irvine*, 729 F.3d at 461 (quoting *Prati*, 603 F.3d at 1307).

Taxpayers' claims involve "the significant interplay" between § 6501(a) and § 6229. *Irvine*, 729 F.3d at 461. When a § 6229 extension is asserted, any determination about § 6501(a) must also involve the resolution of § 6229—a partnership item that cannot be raised in partner-level litigation. *Id.*; *see also Bedrosian v. Comm'r*, 940 F.3d 467, 472 (9th Cir. 2019) ("[A] partner's statute-of-limitations challenge to an FPAA constitutes a partnership item that must be raised at the partnership level."). In such a case, a refund claim based on a violation of the statute of limitations is a claim for a refund attributable to a partnership item. *See, e.g.*, *Rodgers*, 843 F.3d at 191–92; *Irvine*, 729 F.3d at 461–62; *Weiner*, 389 F.3d at 156–59; *Bedrosian*, 940 F.3d at 471–72; *Acute Care Specialists II*, 727 F.3d at 806–09; *Prati*, 603 F.3d at 1306–08.

Taxpayers' argument that § 7422(h) does not bar jurisdiction over their claims is foreclosed by this court's decisions in *Rodgers* and *Irvine*. Like Taxpayers here, the plaintiffs in *Rodgers* and *Irvine* "'were partners in AMCOR limited partnerships in the 1980s' who asserted that they were improperly 'assessed by the IRS after the 26 U.S.C. § 6501(a) statute of limitations had passed.'" *Rodgers*, 843 F.3d at 191 (quoting *Irvine*, 729 F.3d at 460). And just as in *Rodgers* and *Irvine*, the Government here asserted that § 6229 extended the statute of limitations because the AV2 and TFA returns were invalid for not being signed by a partner, and because the tax-matters partner for AVF agreed to an extension. *See Rodgers*, 843 F.3d at 192; *Irvine*, 729 F.3d at 462.

Thus, "the claim for refund is 'attributable to' a partnership item and § 7422(h) bars consideration of the limitations claim." *Rodgers*, 843 F.3d at 192 (quoting *Irvine*, 729 F.3d at 461–62).

Taxpayers try to distinguish their cases from *Rodgers* and *Irvine* because the individual partners in those cases settled with the IRS. Whereas the "settled partners" in *Rodgers* and *Irvine* were bound only by the terms of their settlements, which left the limitations issue unresolved, the Taxpayers here, as "non-settling partners," remained parties to the partnership-level suits and are bound by the stipulated decisions entered by the Tax Court. According to Taxpayers, this distinction is crucial because § 7422(h) does not deprive refund courts of jurisdiction to enforce prior partnership-level determinations, or lack thereof,[8] through the application of res judicata.

This argument is not new. In *Kercher v. United States*, which was decided on the same day and by the same panel as *Irvine*, this court found that the non-settling partners' limitations claim was "identical to the [settling partners'] statute of limitations claim in *Irvine*," and therefore § 7422(h) barred jurisdiction. 539 F. App'x 517, 521 (5th Cir. 2013). Likewise, the United States Court of Appeals for the Federal Circuit addressed this exact distinction in a similar AMCOR case and held that § 7422(h) barred jurisdiction over the limitations claims of both the settling and non-settling partners. *Prati*, 603 F.3d at 1304, 1307. Consistent with *Rodgers* and *Irvine*, both of these cases dismissed the non-settling partners' claims for lack of jurisdiction under § 7422(h) without first conducting res judicata analyses. *Kercher*, 539 F. App'x at 521; *Prati*, 603 F.3d at 1307; *see also Acute Care Specialists II*, 727 F.3d at

---

[8] Taxpayers argue that the stipulated decisions entered by the Tax Court contain no determination that § 6229 extended the limitations period. And because those decisions resolved all partnership items, Taxpayers argue that the limitations issue was necessarily decided in their favor.

No. 18-50797 c/w
No.18-50817

813–14 (rejecting taxpayers' argument that courts must conduct res judicata analyses before considering whether § 7422(h) deprives them of jurisdiction).

Stated plainly, Taxpayers' claims that the IRS assessed additional taxes outside the statute of limitations are identical to the limitations claims in *Rodgers* and *Irvine*. Factual differences between settling and non-settling partners do not compel a different result. For the reasons given in *Rodgers* and *Irvine*, Taxpayers' claims seek refunds attributable to partnership items. *See Rodgers*, 843 F.3d at 191–92; *Irvine*, 729 F.3d at 460–63. Thus, § 7422(h) deprives the district court of jurisdiction to consider Taxpayers' claims.[9]

## V.

For the foregoing reasons, we AFFIRM the district court's dismissals of the Taxpayers' complaints in both cases for lack of subject-matter jurisdiction.

---

[9] Because we conclude that § 7422(h) deprives the district court of jurisdiction to consider Taxpayers' claims, we need not address the Government's alternative argument that the district court lacked jurisdiction because Taxpayers failed to file their administrative refund claims with the IRS within the six-month deadline of § 6230(c)(2)(A).