# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20494

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2016

Lyle W. Cayce
Clerk

JAMES T. RODGERS; CLAUDETTE M. RODGERS,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

**************************************************************************

AVRUM M. STEIN; JOAN STEIN,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

**************************************************************************

DAVID S. HOLLAND; JACQUE N. HOLLAND,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant – Appellee

No. 15-20494
Cons. w/15-41176

CONSOLIDATED WITH 15-41176

LINVEL M. BINGHAM; VICKI L. BINGHAM,

            Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

            Defendant - Appellee

—————————

Appeal from the United States District Court
for the Southern District of Texas
Appeal from the United States District Court
for the Eastern District of Texas

—————————

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

These consolidated tax refund suits are the latest in a line of cases stemming from faulty American Agri-Corp ("AMCOR") investments. In the 1980s, Plaintiffs James and Claudette Rodgers, Avrum and Joan Stein, David and Jacque Holland, and Linvel and Vicki Bingham ("Taxpayers"), were partners in AMCOR partnerships that the Internal Revenue Service ("IRS") investigated as shams.[1] Taxpayers settled with the IRS and paid the amounts assessed, but now seek refunds claiming that the IRS's assessments were untimely and that the IRS failed to issue notices of deficiency. Our decision in

---

[1] *Irvine v. United States*, 729 F.3d 455, 458 (5th Cir. 2013). Claudette Rodgers, Joan Stein and Jacque Holland are parties because they filed joint returns with their spouses. The others were AMCOR partners.

2

No. 15-20494
Cons. w/15-41176

*Irvine v. United States*[2] forecloses both arguments. Here, like in *Irvine*, the district courts lack subject matter jurisdiction to hear these refund claims. Additionally, the variance doctrine forecloses Taxpayers' argument that the IRS failed to issue notices of deficiency because Taxpayers did not make such an argument in their claims for refund before the IRS. Both district courts granted summary judgment for the IRS. We affirm.

## I.     Statutory Background

The Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), which amended the Internal Revenue Code, is the statute at the center of this case.[3] As the Supreme Court explained in *U.S. v. Woods*:

> A partnership does not pay federal income taxes; instead, its taxable income and losses pass through to the partners. 26 U.S.C. § 701. A partnership must report its tax items on an information return, § 6031(a), and the partners must report their distributive shares of the partnership's tax items on their own individual returns, §§ 702, 704.
>
> Before 1982, the IRS had no way of correcting errors on a partnership's return in a single, unified proceeding.[4]

In an effort to address these difficulties, Congress enacted TEFRA.[5] "TEFRA requires partnerships to file informational returns reflecting the

---

[2] 729 F.3d 455 (5th Cir. 2013).

[3] Formerly codified generally at 26 U.S.C. §§ 6221–6233; P.L. 97–248 (Sept. 3, 1982), 96 Stat. 324. *Alexander v. United States*, 44 F.3d 328, 330 (5th Cir. 1995) ("In 1982, Congress enacted [TEFRA] to improve the auditing and adjustments of income tax items attributable to partnerships." (internal citation omitted)). Notably, the Bipartisan Budget Act of 2015 repealed and replaced TEFRA, and struck 26 U.S.C. § 7422(h), the jurisdictional provision at issue here. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114–74 (Nov. 2, 2015), 129 Stat. 584; *McNeill v. United States*, No. 15-8095, WL 4611046, at *5 (10th Cir. Sept. 6, 2016) ("Congress has recently revamped the process for auditing partnerships in order to permit the IRS, beginning in 2018, to recoup taxes from the partnership itself rather than the partners individually." (citing Bipartisan Budget Act of 2015)).

[4] 134 S. Ct. 557, 562 (2013).

[5] *See id.* at 563.

No. 15-20494
Cons. w/15-41176

partnership's income, gains, deductions, and credits. Individual partners then report their proportionate share of the items on their own tax returns."[6] TEFRA established three categories for items considered in the tax treatment of a partnership: "partnership items," "nonpartnership items," and "affected items."[7] TEFRA also created a two-stage procedure for the IRS to determine partnership-related tax matters: first, the IRS assesses partnership items, making any adjustments it deems necessary, and then it may initiate proceedings against individual partners.[8]

A. Two-Stage Proceedings

At the first step, "[i]f the IRS adjusts any partnership items on a partnership's informational income tax return, it must notify the individual partners by issuing [a Notice of Final Partnership Administrative Adjustment ("FPAA")]."[9] When the FPAA becomes final, the IRS may tax the individual partners for their shares of the adjusted partnership items.[10] Partners can, however, challenge the FPAA in partnership-level proceedings before the

---

[6] *Irvine*, 729 F.3d at 459 (citing *Weiner v. United States*, 389 F.3d 152, 154 (5th Cir. 2004)).

[7] 26 U.S.C. § 6231(a)(3)–(5) ("(3) Partnership item.--The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level. (4) Nonpartnership item.--The term "nonpartnership item" means an item which is (or is treated as) not a partnership item. (5) Affected item.--The term "affected item" means any item to the extent such item is affected by a partnership item.").

[8] *See Woods*, 134 S. Ct. at 563.

[9] *Irvine*, 729 F.3d at 460 (citing 26 U.S.C. § 6223; *Duffie v. United States*, 600 F.3d, 362, 366 (5th Cir. 2010)). *See also* Anisa Afshar, *The Statute of Limitations for the Tefra Partnership Proceedings: The Interplay Between Section 6229 and Section 6501*, 64 TAX LAW. 701, 705 (2011) ("An FPAA is the TEFRA's equivalent of a 'notice of deficiency' for partnerships. The FPAA puts the partners on notice that the [IRS] disagrees with their treatment of partnership items and intends to adjust it." (citation omitted)).

[10] *Curr-Spec Partners, L.P. v. C.I.R.*, 579 F.3d 391, 394–95 (5th Cir. 2009) ("After the FPAA becomes final, the Commissioner may assess tax to the individual partners whose tax returns for the year or years in question remain open under IRC § 6501(a), for those partners' distributive shares of the adjusted partnership items.").

FPAA becomes final. Within 90 days after a FPAA issues, the "tax matters partner" ("TMP")[11] may file a petition for readjustment of the partnership items in Tax Court or federal district court.[12] If the TMP does not challenge the proposed partnership adjustments within 90 days, non-TMP notice partners may file a petition for readjustment within the following 60 days.[13] If a partnership-level challenge is filed—either by the TMP or by another partner—each partner in the partnership is deemed a party to the case.[14] "Once the adjustments to partnership items have become final, the IRS may undertake further proceedings at the partner level to make any resulting 'computational adjustments' in the tax liability of the individual partners."[15]

"If a partner individually settles his or her partnership tax liability with the IRS, 'the partner will no longer be able to participate in the partnership level litigation, and will be bound instead by the terms of the settlement agreement.'"[16] "The TMP may bind 'non-notice' partners to a settlement agreement resolving partnership items if the TMP expressly states in the agreement that it 'shall bind the other partners.'"[17]

B. <u>Statutes of Limitations</u>

The general tax assessment statute of limitations is codified at § 6501(a). It provides that when a tax return is filed, the IRS has three years from the filing date to assess taxes.[18] However, when the taxes are attributable to a

---

[11] *See* 26 U.S.C. § 6231(a)(7).

[12] *Id*. § 6226(a) (in the federal district court for the district in which the partnership's principal place of business is located). Alternatively, the TMP may file in the Court of Federal Claims. *Id*.

[13] *Id*. § 6226(b)(1).

[14] *Id*. § 6226(c)(1).

[15] *Woods*, 134 S. Ct. at 563 (citing 26 U.S.C. § 6231(a)(6)).

[16] *Irvine*, 729 F.3d at 460 (quoting *Weiner*, 389 F.3d at 155).

[17] *Duffie*, 600 F.3d at 367 (citing 26 U.S.C. § 6224(c)(3)(A)).

[18] *See* 26 § U.S.C. 6501(a) ("[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . .

No. 15-20494
Cons. w/15-41176

partnership item or affected item, TEFRA allows for that three-year statute of limitations to be extended under certain circumstances.[19] Section 6229(a) states that taxes that are

> attributable to any partnership item (or affected item) . . . shall not expire before the date which is 3 years after the later of–
> (1) the date on which the partnership return for such taxable year was filed, or
> (2) the last day for filing such return for such year (determined without regard to extensions).

Section 6229(a) "does not establish an independent statute of limitations for issuing FPAAs."[20] This means, as this Court explained in *Curr-Spec Partners, L.P. v. Commissioner of Internal Revenue*, that

> the Commissioner may issue an FPAA at any time, subject only to the practical limitation that the FPAA may affect only those partners whose individual returns remain open under IRC § 6501(a) or some extension thereto, such as the minimum period of IRC § 6229(a), before which the statute of limitations may not expire. Stated differently, the Commissioner is free to assess partnership-item tax on any taxpayer who, on his individual tax return, has taken advantage of the now-challenged partnership items within the preceding three years (or, in the event of an extension, within the extended statute of limitations).[21]

---

and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period."); *Curr-Spec Partners, L.P.*, 579 F.3d at 393, n.1 ("Even though the statute of limitations runs three years after the date that the return was filed . . . a return filed early is generally deemed filed on the date that the return was due, thereby giving the Commissioner more than three years within which to assess tax." (citing 26 U.S.C. § 6501(b)(1))).

[19] *See Curr-Spec Partners, L.P.*, 579 F.3d at 396–97.

[20] *Id.* at 393.

[21] *Id.* at 399.

No. 15-20494
Cons. w/15-41176

Under § 6229(b), the three-year statute of limitations for partnership items can be extended by agreement.[22] Under § 6229(d), the statute of limitations is tolled if an FPAA is mailed to the TMP.[23] If, following the FPAA, the TMP or another partner petitions for readjustment at the partnership level, the limitations period is suspended until one year after the conclusion of those partnership-level proceedings.[24] Finally, "[i]n the case of a failure by a partnership to file a return for any taxable year, any tax attributable to a partnership item (or affected item) arising in such year may be assessed at any time."[25]

C. Notices of Deficiency

In general, upon the IRS's determination of a tax deficiency, 26 U.S.C. § 6212(a) requires the IRS to send the taxpayer notice of that deficiency. Such notices allow partners to challenge the alleged deficiency in the Tax Court before paying it.[26] However, when the tax assessment is for a "computational

---

[22] 26 U.S.C. § 6229(b)(1) ("The period described in subsection (a) (including an extension period under this subsection) may be extended—
   (A) with respect to any partner, by an agreement entered into by the Secretary and such partner, and
   (B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement),
before the expiration of such period.").

[23] *Weiner*, 389 F.3d at 155; 26 U.S.C. § 6229(d) states: "If notice of a [FPAA] with respect to any taxable year is mailed to the [TMP], the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended—
   (1) for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and
   (2) for 1 year thereafter."

[24] 26 U.S.C. § 6229(d).

[25] *Id.* § 6229(c)(3).

[26] *Woods*, 134 S. Ct. at 562 (citing 26 U.S.C. § 6213(a)).

7

adjustment,"—such as those that follow partnership-level adjustments[27]—the IRS is *not* required to issue a notice of deficiency, subject to two exceptions.[28] Relevant here, a notice of deficiency *is* required if a deficiency "is attributable to [] affected items which require partner level determinations."[29]

D. Jurisdictional Limitations

TEFRA limits the district courts' subject matter jurisdiction. Although district courts generally have jurisdiction over a partner's refund claim,[30] § 7422(h) specifically deprives refund courts of jurisdiction over a *partner's* claim for refund attributable to a "*partnership* item," with limited exceptions.[31]

## II.    Facts

These consolidated cases are part of a series of tax refund suits that stem from limited partnerships managed by AMCOR. This Court has described AMCOR partnerships before:

> These partnerships had as stated goals acquiring agricultural land, investing in agricultural ventures, and growing crops. AMCOR solicited investments from high-income professionals across the country. Each partner in an AMCOR partnership would receive a projected tax loss from crops planted in the first year of roughly twice that partner's investment. Investors paid the farming expenses up front and deducted the amount invested on their tax returns. The next year, when the crops were harvested, the amount of loss in excess of the amount invested would be subject to taxes. However, the farming expenses typically exceeded any income realized from the farming activities.[32]

---

[27] *See Woods*, 134 S. Ct. at 563 ("Once the adjustments to partnership items have become final, the IRS may undertake further proceedings at the partner level to make any resulting 'computational adjustments' in the tax liability of the individual partners.  § 6231(a)(6).").

[28] 26 U.S.C. § 6230(a)(1).

[29] *Id.* § 6230(a)(2). The other exception is not at issue. *See id.* § 6230(a)(2) (exception when items "become nonpartnership items" for specified reasons.).

[30] 28 U.S.C. §§ 1340, 1346(a)(1); *Irvine*, 729 F.3d at 460.

[31] 26 U.S.C. § 7422(h); *see also Irvine*, 729 F.3d at 460. Taxpayers have not argued that the two exceptions in the text of § 7422(h) are relevant here.

[32] *Duffie*, 600 F.3d at 367 (citation omitted); *accord Irvine*, 729 F.3d at 457–58.

No. 15-20494
Cons. w/15-41176

Here, Taxpayers were partners in four different AMCOR partnerships. The Steins were partners in Agri-Venture Associates ("AVA") in 1984; the Binghams were partners in Emperor Seedless-85 ("ES85") in 1985; the Hollands were partners in Canyon Desert Vineyards ("CDV") in 1985; and the Rodgers were partners in Agri-Venture Fund ("AVF") in 1985 and 1986.[33] By 1987, all of the partnerships and Taxpayers had filed their tax returns for the years at issue. Notably, however, AVA's 1984 *partnership* tax return was signed by "Joseph Voyer, Treasurer,"[34] based on which the parties dispute the validity of the return.

"In 1987, the IRS began an investigation and audit into the AMCOR partnerships to determine whether they were impermissible tax shelters."[35] The IRS asserts that in 1988, the TMPs for AVF, CDV and ES85 signed Forms 872-P, which extended the IRS's assessment periods for each of the partnerships until either April 30, 1991, or, if a FPAA was sent to the partnership, "until one year after the date on which the determination of partnership items became final." Taxpayers disagree and assert that the "admissible evidence disproves that '[i]n 1988, the [TMP] for the partnerships including [AVF, CDV, and ES85] signed' alleged extensions."[36]

In April of 1991, the IRS issued FPAAs for each of the four partnerships. Shortly thereafter, partners in each of the partnerships initiated suits in the Tax Court which challenged the FPAAs for, among other reasons, violating the statute of limitations. Notably, Taxpayers allege they did *not* participate in

---

[33] The Rodgers's refund claim for 1986 is dependent on their 1985 refund claim.

[34] According to *Agri-Cal Venture Associates* et al. *v. C.I.R.*, 80 T.C.M. (CCH) 295 (T.C. 2000), Joseph Voyer was not apparently a partner in the AVA partnership, and instead was an officer of AMCOR.

[35] *Duffie*, 600 F.3d at 367.

[36] This Court could only locate the Form 872-P for ES85 (signed by George L. Schreiber as TMP for ES85). Taxpayers assert that Fred Behrens, not George Schreiber, was the statutory TMP of AVF, CDV, and ES85, and thus contend that this 872-P Form is invalid.

No. 15-20494
Cons. w/15-41176

these suits, arguing that the version of § 6226(d)(2) in effect at the time barred them from doing so because their assessment periods had expired by 1990 (three years after they filed their tax returns). Taxpayers are correct that the version of 28 U.S.C. § 6226 in effect in 1991 barred partners from being treated as parties to another partner's partnership suit if "the period within which any tax attributable to such partnership items may be assessed against that partner expired."[37] Similarly, § 6226(d)(2) barred partners with expired tax assessment periods from filing a readjustment petition.[38] However, the parties dispute whether Taxpayers' assessment periods were expired, such that the 1991 provisions barred them from joining or taking action.[39] The Tax Court suits (that Taxpayers insist they were not parties to) were consolidated for disposition of the statute of limitations issue. The parties filed cross-motions for summary judgment, which the Tax Court denied in 1993, finding that there were "genuine, and perhaps crucial, issues of material fact" to be resolved. In 1994, the original consolidation was severed, and both the partners and IRS moved to reconsider the 1993 Order.

Between 1997 and 1999, Taxpayers each settled with the IRS.[40] In these settlements, which were silent as to the statute of limitations issue, Taxpayers

---

[37] 26 U.S.C. § 6226(d)(1)(B) (1991), *amended by* Pub. L. 105-34, § 1239(b), 111 Stat. 1026, 1027, 1028 (1997) (amended 2015).

[38] 26 U.S.C. § 6226(d)(2) (1991) (amended 2015).

[39] In 1997, § 6226(d) was amended to allow partners formerly barred from participating in partnership-level proceedings to participate "solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion." *See* 26 U.S.C. § 6226(d)(1)(B). Importantly, this amendment only applied to partnership tax years ending after August 5, 1997. Taxpayer Relief Act of 1997, Pub. L. 105-34, § 1238, 111 Stat. 1026 (1997). Therefore, if Taxpayers were in fact barred from challenging the IRS's FPAAs, they assert the 1997 amendment did not affect their ability to participate in partnership-level proceedings for their claims from the late 1980s.

[40] Generally, when a partner settles with the IRS, "the partnership items of a partner . . . shall become nonpartnership items." 26 U.S.C. § 6231(b)(1)(C). However, in *Weiner v. United States*, this Court determined that – for the purpose of determining if the Court had

10

agreed to pay additional income tax and interest as a result of the IRS's adjustments to partnership items. Taxpayers paid the IRS in full, and now seek to recover these payments in these refund suit.

Meanwhile, on February 2, 1998, the IRS and Tax Court partners filed a joint motion to withdraw their earlier motions for reconsideration of the 1993 Order. But between April 9, 1999 and June 29, 2000, the TMPs intervened and ultimately agreed to try the statute of limitations issue, which developed into *Agri-Cal Venture Associates v. Commissioner of Internal Revenue* ("Agri-Cal"). *Agri-Cal* was the consolidated case of several partnerships, including AVF (in which the Rodgers were partners) and AVA (in which the Steins were partners).[41] Taxpayers argue that the IRS and the TMPs did not intend other partnerships to be bound by *Agri-Cal*,[42] although there was a stipulation that CDV (in which the Hollands were partners) and ES85 (in which the Binghams were partners) would be so bound. On August 28, 2000, the Tax Court concluded:

> None of the partnerships has sustained the affirmative defense of statute of limitations; the FPAA's issued to AVA and TFV for the 1984 and 1985 taxable years are valid. The FPAA's issued to AVF, DV–85, and HFA–II for the 1985 taxable year are valid.[43]

The Tax Court found the assessments valid for the 1984 year because the AVA partnership never filed a valid return (it was signed by Joseph Voyer, not a partner), so the statute of limitations never began to run.[44] The Tax Court

---

jurisdiction under 7422(h) – a settlement agreement did not convert the statute of limitations claim into a partner-level item. 389 F.3d at 159.

[41] *Agri-Cal Venture Associates v. C.I.R.*, WL 1211147, n.1 (T.C. 2000).

[42] Taxpayers argue that the stipulations only bound the *TMPs* of CDV and ES85, not the other *partners*.

[43] *Agri-Cal Venture*, 2000 WL 1211147, at *23.

[44] *Id.* at *8–10, *11.

No. 15-20494
Cons. w/15-41176

found the assessments valid for the 1985 year, because the Forms 872 sufficiently extended the three-year statute of limitations.[45]

After the *Agri-Cal* decision, the IRS and TMPs engaged in negotiations in an attempt to settle all the AMCOR suits.[46] The agreements were entered on July 19, 2001, and included the following: "That the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for the years 1984 and 1985 are not barred by the provisions of I.R.C. § 6229" (the statute of limitations extension provision).

Around the same time as the *Agri-Cal* litigation and the post-*Agri-Cal* negotiations, Taxpayers filed claims with the IRS in an attempt to be refunded what they paid to the IRS after their settlements.[47] Among other arguments, Taxpayers asserted the assessments were invalid because the IRS assessed after the statute of limitations had run. Taxpayers did not assert, however, that the IRS failed to issue required notices of deficiency. In 2001, the IRS denied the refund claims of the Rodgers, Steins and Binghams, finding the claims "precluded under I.R.C. 7422(h)." The IRS did not act on the claim filed by the Hollands, in the form of an amended tax return.[48]

---

[45] *Id.* at *15.

[46] An affidavit of Mr. Frederick Behrens states that the "IRS filed a Motion for Entry of Decisions Pursuant to Rule 248(b) reflecting [the TMPs] understanding and intent that . . . our 'contingent agreement' and the resulting agreed decisions would be binding only on those partners 'who meet the interest requirements of I.R.C. § 6226(d)' and only as to partnership items."

[47] The Hollands attempted to file a refund claim on December 30, 1999 by submitting an amended return signed by their attorney.

[48] The parties dispute the validity of the Hollands' claim. The government argues that "[t]he IRS never acted on the purported refund claim filed by the Hollands, but that is because the Hollands never filed a valid claim." Their amended tax return for 1985 was signed by their attorney, not the Hollands themselves. The IRS argues that "[t]he return was thus not valid, because an agent may sign a return on behalf of a taxpayer only in very narrow circumstances not present here," and because the power of attorney did not grant the Hollands' attorney the authority to file the return. The Hollands counter that their return was properly filed. The dispute does not impact the outcome of this suit, since even assuming

12

No. 15-20494
Cons. w/15-41176

Taxpayers subsequently brought a refund action in two federal district courts,[49] the Rodgerses, Steins, and Hollands in a consolidated action in the Southern District of Texas and the Binghams in the Eastern District of Texas. In both cases, the parties filed cross-motions for summary judgment, and both district courts granted summary judgment for the Government. In *Bingham*, the district court held that § 7422(h) deprived it of jurisdiction, because the Binghams' claim that the assessments were time-barred was a claim for a refund attributable to a partnership item under § 6229. The *Rodgers* court similarly held that it lacked jurisdiction under § 7422(h) to consider plaintiffs' § 6229 limitations period because § 6229 is a partnership item. Both courts relied heavily on *Irvine v. United States*.

Taxpayers also argued in both district courts that the IRS was required to issue notices of deficiency before making the assessments at issue. Both district courts rejected this claim, albeit for different reasons. In *Bingham*, the district court rejected Taxpayers' notice of deficiency claim, finding it barred by the "variance doctrine," because Taxpayers failed to assert this argument in their initial refund suit.  The district court in *Rodgers* rejected taxpayers' argument "on the merits" because "Section 6501(a) operates in conjunction with Section 6229(a), and Section 6229(a) is a 'partnership item.'" Taxpayers appealed, and this Court entered an order consolidating the two cases.

### III.   Standard of Review

This Court reviews both a district court's grant of summary judgment and its determination of subject matter jurisdiction de novo.[50]  "Summary

---

the Hollands properly filed their return, they face the same jurisdictional bars as the other Taxpayers.

[49] After the suits were administratively closed without prejudice, Taxpayers in 2014 moved to consolidate the suits filed by the Rodgerses, Steins, and Hollands and to reopen both the consolidated proceeding and *Bingham*. The district courts granted the motions.

[50] *Irvine*, 729 F.3d at 460.

No. 15-20494
Cons. w/15-41176

judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[51]

## IV.   Discussion

At the heart of both of Taxpayers' claims is a question of jurisdiction. This Court has explained, "[i]n a partner-level refund action," such as this one, "courts *do not* have jurisdiction over partnership items."[52]

A. Statute of Limitations Claim

Because § 7422(h) deprives the courts of jurisdiction to consider a *partner's* claim for refund attributable to a *partnership* item, and because Taxpayers' statute of limitations claim is attributable to a partnership item, the district courts lack jurisdiction to hear this claim.

Section 7422(h) states: "No action may be brought for a refund attributable to partnership items . . ."[53] This means "[i]f the refund is attributable to partnership items, section 7422(h) applies and deprives the court of jurisdiction. If . . . the refund is attributable to nonpartnership items, then section 7422(h) is irrelevant, and the general grant of jurisdiction is effective."[54] The § 6229 assessment period, at issue in Taxpayers' statute of limitations claim, is a partnership item.[55] Section 6229 can extend § 6501's general three-year statute of limitations for tax assessments, "such as when

---

[51] *Id.* (quoting Fed. R. Civ. P. 56(a)).

[52] *Duffie*, 600 F.3d at 366 (citing 26 U.S.C. § 7422(h)) (emphasis added).

[53] The entire provision reads: "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)." Taxpayers have not argued that the two exceptions in the text of § 7422(h) are relevant to this case.

[54] *Irvine*, 729 F.3d at 461 (quoting *Alexander v. United States*, 44 F.3d 328, 331 (5th Cir. 1995)).

[55] *Irvine*, 729 F.3d at 461 ("In *Weiner*, this court held that the § 6229 assessment period is a partnership item that cannot be raised in partner-level litigation." (citing *Weiner*, 389 F.3d at 157–58) (other citation omitted)).

No. 15-20494
Cons. w/15-41176

the TMP enters into an agreement with the IRS to extend the period, fraudulent returns are filed, or the partnership fails to file a return."[56]

Taxpayers advance a multitude of reasons that the IRS's assessments of the taxes at issue were untimely and the district courts have jurisdiction to hear their refund claims. Taxpayers contend that they in fact prevailed on the limitations issue in the proceedings below such that refund jurisdiction is not barred, that the IRS failed to identify a valid partnership-level extension, that their case is distinguishable from *Irvine*, and that the district courts' interpretation of *Irvine* directly conflicts with our earlier decisions in *Curr-Spec Partners, L.P. v. Commissioner of Internal Revenue* and *Duffie v. United States*. The IRS responds that *Irvine* compels the outcome that the district courts lacked subject matter jurisdiction over the limitations claim, that *Irvine* is consistent with precedent and cannot be distinguished, and that Taxpayers did not prevail on the limitations issue in the proceedings below.

Both district courts concluded that the statute of limitations claim cannot be determined without reference to the government's asserted bases for extensions under § 6229. Since § 6229 is a partnership item, they held that § 7422(h) deprives the courts of jurisdiction to consider Taxpayers' limitations claim. We agree.

This outcome is compelled by *Irvine*.[57] Like Taxpayers here, the *Irvine* plaintiffs "were partners in AMCOR limited partnerships in the 1980s"[58] who asserted that they were improperly "assessed by the IRS after the 26 U.S.C. § 6501(a) statute of limitations had passed."[59] They maintained "that 26 U.S.C.

---

[56] *Irvine*, 729 F.3d at 461 (internal citations omitted).

[57] 729 F.3d 455.

[58] *Id.* at 458.

[59] *Id.* at 460. After FPAAs were issued in the case, other partners filed suits in the Tax Court contesting them, "including claiming that the FPAAs were untimely." *Id.* at 458. While the Tax Court suits were pending and before the partnership-level settlements, the *Irvine*

15

No. 15-20494
Cons. w/15-41176

§ 7422(h) [did] not bar jurisdiction because the § 6501(a) statute of limitations is a nonpartnership item based on the specific facts of each partner's situation."[60]

The *Irvine* Court identified the dispositive question as "whether the [plaintiffs'] claim that the additional tax assessments were time-barred is a claim for a refund attributable to partnership or nonpartnership items."[61] It noted the "significant interplay between § 6501(a) and § 6229(a), a separate provision that can extend the § 6501(a) period for partnership items."[62] The *Irvine* Court pointed to *Weiner v. United States* and Federal Circuit cases and reaffirmed the principle "that where the government asserts § 6229 as a basis to extend the § 6501(a) statute of limitations, the claim for refund is 'attributable to' a partnership item and § 7422(h) bars consideration of the limitations claim."[63] The *Irvine* Court explained that the government asserted § 6229 extensions based on agreement by the TMP and no valid partnership return being filed, but that in any event a refund court may not litigate or re-litigate the merits of extensions because they are partnership items.[64] The *Irvine* plaintiffs "were required to raise the statute of limitations issue in the partnership-level proceeding prior to settlement and [were] barred from

---

plaintiffs settled with the IRS. *Id.* After settlement, the IRS assessed additional taxes, which each plaintiff paid before filing administrative claims for refunds in 2002 and 2003. *See id.* at 458–59. Meanwhile, "the Tax Court issued a decision determining that each FPAA issued to the partnerships was timely pursuant to 26 U.S.C. § 6229." *Id.* at 458.

[60] *Id.* at 460.

[61] *Id.* at 461.

[62] *Id.* (citing *Curr–Spec*, 579 F.3d at 396).

[63] *Id.* at 461–62 (citations omitted).

[64] *Id.* at 462 (further explaining that "[w]here a § 6229 basis for an extension is asserted, questions about whether the partnerships' returns were fraudulent, contained substantial omissions, were never filed, or were subject to any extension agreements are matters to be determined at the partnership level under TEFRA's statutory scheme.").

16

No. 15-20494
Cons. w/15-41176

raising it in the refund action."[65] *Irvine* accordingly held that "the district court lacked jurisdiction over the statute of limitations claim under § 7422(h)."[66]

The same claims compel the same result. Here, Taxpayers maintain, "[t]he IRS did not assess within the Taxpayers' § 6501(a) three-year deadlines [and] [i]t did not assess within the § 6229(a) three year periods after the Partnerships filed their returns." But, like in *Irvine*, the IRS asserted § 6229 extensions—that the AVA partnership return was invalid for not being signed by a partner, and that the TMPs for the other partnerships agreed to extensions. Because "the government assert[ed] § 6229 as a basis to extend the § 6501(a) statute of limitations, the claim for refund is 'attributable to' a partnership item and § 7422(h) bars consideration of the limitations claim."[67]

Taxpayers vigorously dispute the validity of the IRS's asserted bases for extension. For example, they assert that the TMP extensions were invalid because they were not signed by the actual TMP at the time, and that Taxpayers could not participate in the Tax Court lawsuits challenging the FPAAs because the version of § 6226(d)(2) in effect at the time barred them from doing so. Although Taxpayers were not directly involved in the Tax Court suits, the government asserted § 6229 extensions to the statutes of limitations of their partnership items. We acknowledge Taxpayers' argument that they were barred from participating in the partnership proceedings,[68] and that the TMP-extensions were invalid, but *Irvine* controls: "a refund court litigating or re-litigating a partnership item, such as the merits of the asserted § 6229 basis for an extension of the limitations period, is exactly the

---

[65] *Id.* (citation omitted).

[66] *Id.*

[67] *Irvine*, 729 F.3d at 461–62.

[68] Despite the *Rodgers* court statement that Taxpayers "were engaged with the IRS in partnership-level proceedings to which Section 6229's extension applied."

17

No. 15-20494
Cons. w/15-41176

result prohibited by TEFRA."[69] Thus, although some of the underlying partnership-level facts are disputed, they are not material.

B. Notice of Deficiency Claim

Taxpayers also argue the IRS assessments are invalid because the IRS failed to issue deficiency notices as required by § 6213(a) and § 6230(a)(2)(A)(i).[70] However, this claim would require that we adjudicate partnership items, which § 7422(h) bars us from doing. Alternatively, under the variance doctrine, Taxpayers' failure to raise the argument in their refund claims before the IRS prohibits them from raising it in these refund courts. Finally, even if we could reach the merits of Taxpayers' argument, it would fail.

Section 6213(a) describes the general procedures for taxpayers who wish to challenge a deficiency by petitioning the Tax Court. Section 6230(a) provides that generally deficiency notices are not required for computational adjustments, but § 6230(a)(2)(A)(i) creates an exception and *requires* deficiency notices for deficiencies attributable to "affected items which require partner level determinations."[71] Taxpayers argue they fall within this exception, because, first, their purported deficiencies were attributable to the violation of their assessment deadlines, which are affected items under § 6231(a)(5). And second, these affected items required partner-level determinations because "to

---

[69] *Irvine*, 729 F.3d at 462 (citing *Weiner*, 389 F.3d at 158.). Our rule of orderliness requires we follow *Irvine*. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

[70] Taxpayers claim that if they had received notices of deficiencies, they could have challenged the deficiencies in partner-level Tax Court proceedings.

[71] Courts sometimes categorize affected items under this provision as either "substantive affected items," which are those that require partner-level determinations, and "computational affected items," which are those that do not. *See Irvine*, 729 F.3d at 464 ("A computational adjustment to an individual partner's tax liability can be made at the conclusion of the partnership level proceeding 'without any factual determination at the partner level.' A substantive affected item, however, requires 'fact-finding particular to the individual partner' before any adjustment to tax liability can be made." (citations omitted)).

18

validly assess, the IRS was required to identify partner-level exceptions to their § 6501(a) three-year assessment periods."

The IRS primarily takes issue with Taxpayers' analysis because § 7442(h) "precludes consideration of [their] contention in these refund suits." As previously noted, § 7422(h) specifically deprives refund courts of jurisdiction over a *partner's* claim for refund attributable to "*partnership items*."[72] The IRS asserts that Taxpayers' notice of deficiency theory "would necessarily implicate the question whether the limitations period was, in fact, extended under § 6229," which is a partnership item. That is, Taxpayers' first contention that their deficiencies were attributable to violation of their assessment deadlines "is correct if, and only if, the assessments were untimely under § 6501(a)," which is inseparable from the § 6229 partnership-item extension. Additionally, the IRS maintains that Taxpayers' argument that such affected items required partner level determinations "is correct only if the partnership-level extensions on which the Government relies do not apply." The IRS alternatively argues that Taxpayers' deficiency claim is barred by the variance doctrine, and that even on the merits, Taxpayers' deficiency notice claim would fail.

The *Rodgers* court found Taxpayers' deficiency argument foreclosed by *Irvine*. It explained, "[Taxpayers'] argument . . . hinges on their position that Section 6501 is the only relevant limitations period, and that the Court should ignore Section 6229. This argument is foreclosed by *Irvine* and numerous other authority." The *Bingham* court held that Taxpayers were barred from making their notice of deficiency claim under the variance doctrine, because the plaintiffs did not assert such an argument as a basis for refunds when they filed their refund claims with the IRS. We agree with both district courts.

---

[72] 26 U.S.C. § 7422(h) (with limited exceptions).

Taxpayers aver deficiency notices were required based on the § 6230(a)(2)(A)(i) exception to § 6230(a)'s general rule that deficiency notices are not required for computational adjustments.[73] For the exception to apply, the Taxpayers' deficiency must be attributable to "affected items which require partner level determinations."[74] Taxpayers insist that their deficiency was attributable to "the violation of their assessment deadlines," which would fall under § 6501(a).

Refund courts do not have jurisdiction to adjudicate Taxpayers' contention because it assumes that the IRS did not properly extend their assessment deadlines under § 6229. But as previously discussed, *Irvine* concluded that § 7422(h) prohibits this Court from adjudicating the merits of § 6229 extensions.[75] If this Court were to agree with Taxpayers that their deficiencies were attributable to violation of § 6501(a), we would also necessarily be finding that the § 6229 extensions did not apply—which would be a merits determination prohibited by *Irvine*. Accordingly, the district courts lack jurisdiction to consider Taxpayer's deficiency claim.

Furthermore, contrary to Taxpayers' claim, *Irvine* does not conflict with *Curr-Spec*[76] and *Duffie*.[77] In *Curr-Spec*, this Court held "that IRC § 6229(a) does not establish an independent statute of limitations for issuing FPAAs,"[78]

---

[73] 26 U.S.C. § 6230(a)(2)(A)(i) (deficiency notice required for "any deficiency attributable to [] affected items which require partner level determinations").

[74] 26 U.S.C. § 6230(a)(2)(A)(i). Section 6231(a)(5) defines affected item as "any item to the extent such item is affected by a partnership item."

[75] *See Irvine*, 729 F.3d at 462 ("However, a refund court litigating or re-litigating a partnership item, such as the merits of the asserted § 6229 basis for an extension of the limitations period, is exactly the result prohibited by TEFRA.").

[76] 579 F.3d 391 (5th Cir. 2009).

[77] 600 F.3d 362 (5th Cir. 2010).

[78] *Curr-Spec*, 579 F.3d at 393.

rather it may extend the general three-year statute of limitations in § 6501(a).[79] *Irvine* accepted this understanding.

In *Duffie*, the parties disputed whether § 7422(h) deprived the district court of jurisdiction to consider "Duffies' claim that the IRS erred in assessing § 6621(c) interest against them."[80] This Court reasoned, "[t]he Duffies' refund claim is attributable to the Tax Court's determination that the Texas Farm Venturers activities were sham transactions . . . Because the nature of a partnership's activities—whether they are sham transactions—is the partnership-item component of an affected item, the Duffies' refund claim is based on the determination of a partnership item."[81] The *Duffie* Court thus held that § 7422(h) barred jurisdiction on that claim.[82] *Irvine* does not conflict with *Duffie*, and in fact repeatedly referenced *Duffie*.

Taxpayers additionally argue that *Rodgers* erred, because if the § 6501(a) statute of limitations is barred under § 6230(a)(2)(A)(i) for being linked with § 6229, a partnership item, then § 6230(a)(2)(A)(i) would be rendered meaningless, because "by definition, every affected item has at least one partnership-item component." Although there is some merit in Taxpayers' interpretation claim, it reaches too far. Section 6230(a)(2)(A)(i) still requires deficiency notices for *non-§ 6501(a)/§ 6229 affected items* which require partner level determinations.[83] Furthermore, Taxpayers incorrectly state that the *Rodgers* court held that "§ 6230(a)(2)(A)(i) does not apply when an affected

---

[79] *Id.* at 396; *see id.* at 401 ("The three-year statute of limitations of IRC § 6501(a) is the period within which the Commissioner may assess taxes on an individual partner (subject to extension) for partnership items.").

[80] *Duffie*, 600 F.3d at 382.

[81] *Id.* at 383.

[82] *See id.*

[83] "For example, a taxpayer-partner's medical expense deduction under 26 U.S.C. § 213(a) is an 'affected item.' Because a taxpayer can only deduct medical expenses to the extent those expenses exceed 7.5% of adjusted gross income, a change in the partnership's income affects the amount of the partner's deduction." *Duffie*, 600 F.3d at 366.

No. 15-20494
Cons. w/15-41176

item has a partnership-item component." Although one could read the *Rodgers* decision to suggest that § 6229(a) transforms § 6501(a) into a *partnership* item for § 6230(a)(2)(A)(i) notice deficiency purposes, this was not its holding. It found merely that in this case, contrary to Taxpayers' arguments, § 6501 could not be separated from § 6229 given *Irvine.* For the reasons already stated, we agree.

Additionally and alternatively, Taxpayers' deficiency argument is foreclosed by the variance doctrine. 26 U.S.C. § 7422(a) requires that tax refund claims comply with "the regulations of the Secretary established in pursuance thereof." 26 C.F.R. § 301.6402-2(b)(1) provides:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

As this Court recently explained, "[t]his regulation codifies the variance doctrine."[84] This means that "[a]bsent a waiver by the Government, a taxpayer is barred from raising in a refund suit grounds for recovery which had not previously been set forth in its claim for a refund."[85]

The IRS maintains that Taxpayers' notice of deficiency claim is barred by the variance doctrine, as they did not raise it in their administrative refund claims. Taxpayers respond that their deficiency claim was fairly contained in

---

[84] *El Paso CGP Co. v. United States*, 748 F.3d 225, 228 (5th Cir. 2014).

[85] *Mallette Bros. Const. Co. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983) (citations omitted); *accord Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 297 (1945) ("Since, however, the tight net which the Treasury Regulations fashion is for the protection of the revenue, courts should not unduly help disobedient refund claimants to slip through it. The showing should be unmistakable that the Commissioner has in fact been fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him.").

the general language of their administrative claims, citing the following paragraph:

> The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401.

Neither this paragraph nor the rest of Taxpayers' administrative claims "set forth in detail" Taxpayers' notice of deficiency ground "upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."[86] It is not enough to argue that the statute of limitations claim "inherently include[s]" the notice of deficiency claim. Such an understanding would defeat the purpose of "assur[ing] that the Commissioner is apprised of the exact nature of the claim and the facts upon which the claim is advanced so that there is an opportunity to make an administrative determination of the claim."[87]

Taxpayers further argue that the IRS had a duty to conduct a meaningful investigation based on the administrative claim assertions, and had they done so, the IRS would have ascertained that deficiency notices were required. But this is not correct either. It is the Taxpayers' duty to inform the IRS of grounds for recovery in their refund claim, not the other way around.[88]

Taxpayers also contend that the IRS waived its variance argument because it violated procedure and failed to conduct an investigation into Taxpayers' statute of limitations grounds in their administrative claim. As an initial matter, "a taxpayer asserting a waiver bears an extremely heavy burden

---

[86] 26 C.F.R. § 301.6402-2(b)(1).

[87] *Mallette Bros. Const. Co.*, 695 F.2d at 155 (citations omitted); *accord id.* ("The alleged error must be clearly and specifically set forth in the refund claim. A generalized plea of error will not suffice." (citations omitted)).

[88] 26 C.F.R. § 301.6402-2(b)(1).

No. 15-20494
Cons. w/15-41176

of proving such a waiver."[89] And in any event, the IRS addressed Taxpayers' statute of limitations claim:

> Your claim for refund of the tax paid under the settlement agreement entered into with Appeals, Form 870-P(AD), concerning the partnership is denied. Your claim is precluded under I.R.C. 7422(h). TEFRA requires that all challenges to adjustments of partnership items be made in a single, unified agency proceeding, at the partnership level.[90]

Though cursory, the IRS's reliance on § 7422(h) demonstrates it rejected Taxpayers' statute of limitations argument based on § 7422(h)'s bar on refund suits attributable to partnership items. Given this conclusion, the IRS had no need to consider the merits of the claim, such as the validity of limitations extensions. Taxpayers argue that the IRS "applied § 7422(h) only to preclude Taxpayers from challenging the partnership-item adjustments they had agreed to in their Forms 870-P(AD)," which they did not challenge. But Taxpayers' attempt to separate their statute of limitations argument from the adjustments to partnership items is unpersuasive, given that their statute of limitations claim requires partnership-level determinations, as previously explained.

Moreover, the exception to the variance doctrine "in cases where the Government's unilateral action itself creates the substantial variance," does not apply here.[91] The variance arose from Taxpayers' failure to assert a deficiency notice ground in its refund claim, not any later action by the IRS of

---

[89] *Mallette Bros. Const. Co.*, 695 F.2d at 156.

[90] The IRS did not send a denial letter to the Hollands presumably because they submitted their claim for refund on an amended tax return signed by their attorney. Regardless, like the other three Taxpayers, the Hollands' notice of deficiency claim would fail on the merits.

[91] *El Paso CGP Co.*, 748 F.3d at 229 (citations omitted).

which Taxpayers could not have been aware, as was the case in *El Paso CGP Co. v. United States*.[92]

Finally, Taxpayers argue the IRS waived the variance doctrine argument for failing to brief it in its motion for summary judgment. But even if the variance doctrine was not jurisdictional and could thus be waived by a party,[93] the IRS did not waive what Taxpayers failed to plead.[94]

In sum, because "the variance doctrine requires that the grounds for recovery advanced in federal court must be the same as advanced before the IRS,"[95] and because Taxpayers' did not advance deficiency notice grounds under § 6230(a)(2)(A)(i) before the IRS, their notice of deficiency claim is alternatively barred by the variance doctrine.

And even if it was not so barred, it would fail on the merits. Taxpayers' argument that their deficiencies were *attributable to a violation of their assessment deadline* misunderstands "deficiency." Deficiency is defined at 26 U.S.C. § 6211(a):

> "the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of –
>
> (1) the sum of

---

[92] *See* 748 F.3d at 229.

[93] *El Paso CGP Co.*, 748 F.3d at 228 ("To assert a court's *jurisdiction* over a claim for refund, the variance doctrine requires that the grounds for recovery advanced in federal court must be the same as advanced before the IRS.") (emphasis added).

[94] The Rodgers's original complaint stated: "This is a suit arising under Sections 7422, 6401, 6402, 6230(c), 6621(c), and 6404(e) of the Internal Revenue Code . . ." The complaint's reference to § 6230(c) is insufficient to assert a deficiency notice claim under § 6230(a). The Bingham's original complaint more broadly asserted: "This is a suit arising under Sections 7422, 6401, . . . 6230, and 6621(c) of the Internal Revenue Code . . ." But even if this could be construed as adequately pleading the deficiency notice claim under § 6230(a), the variance doctrine argument was sufficiently before the district court. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005).

[95] *El Paso CGP Co.*, 748 F.3d at 227.

No. 15-20494
Cons. w/15-41176

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates, as defined in subsection (b)(2), made.

Taxpayers argue that their deficiency was $0. But this conclusion is based on Taxpayers' argument that the IRS's assessment was untimely, which this court may not consider for the reasons stated earlier in this decision, and nevertheless contravenes the statutory definition of deficiency. Section 6211(a) first looks to the "tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44," not the tax a taxpayer *believes* should have been imposed by such subtitles or chapters. The taxes imposed here exceeded $0.[96] Accordingly, even if the courts could consider Taxpayers' notice of deficiency claim, it would not be successful.

## V.    Conclusion

For the reasons stated above, we affirm the decisions of the district courts.

---

[96] The IRS assessed the following amounts: (1) $24,239.00 in tax and $34,016.99 in interest against the Rodgerses for 1985; (2) $2,031.00 in tax and $3,435.61 in interest against the Rodgerses for 1986; (3) $26,694.00 in tax and $47,245.69 in interest against the Steins for 1984; (4) $16,206.00 in tax and $28,634.21 in interest against the Hollands for 1985; and (5) $11,265.00 in tax and $21,676.16 in interest against the Binghams for 1985.