# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 21-20258

Donald E. Baxter; Frances P. Baxter,

*Plaintiffs—Appellees*,

*versus*

United States of America,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1271

Before Richman, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Kurt D. Engelhardt, *Circuit Judge*:

The United States appeals the district court's summary judgment rulings rendered in this federal income tax refund action filed by Plaintiffs-Appellees Donald E. Baxter and Frances P. Baxter. Because the district court erred in its jurisdictional determinations, we REVERSE the judgment of the district court and REMAND with instructions to dismiss for lack of jurisdiction. As stated below, we also deny the motion that has been carried with the case.

No. 21-20258

I.

This appeal is the latest in a long line of tax suits involving limited partnerships that were organized in the mid-1980s by American Agri-Corp ("AMCOR") and marketed to high-income professionals across the country. Our recent decision in one of these actions, *Foster v. United States*, 801 F. App'x 210, 211–12 (5th Cir. 2020)(unpub.), provides a helpful explanation of federal taxation of partnership income and the legislation governing partnership-related audit and tax adjustment procedures that applies here:

> A partnership is not a taxable entity. *United States v. Woods*, 571 U.S. 31, 38 (2013) (citing 26 U.S.C. § 701). Rather, it is a conduit through which "its taxable income and losses pass through to the partners." *Id.* Even so, a partnership must file an informational tax return reflecting its income and losses, and the partners report their shares of the partnership's tax items on their own individual returns. *Id.*; *see also Irvine v. United States,* 729 F.3d 455, 459 (5th Cir. 2013).

> "Before 1982, examining a partnership for federal tax purposes was a tedious process." *Duffie v. United States,* 600 F.3d 362, 365 (5th Cir. 2010). To adjust an item on a partnership's return, the IRS had to audit each partner separately, which led to duplicative proceedings and inconsistent results. *See Woods,* 571 U.S. at 38. Recognizing these difficulties, Congress enacted the Tax Treatment of Partnership Items Act of 1982 as Title IV of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, §§ 401–07, 96 Stat. 324, 648–71.[1] TEFRA created a

---

[1] TEFRA's partnership procedures were codified as amended at 26 U.S.C. §§ 6221–6234 (2012). The Bipartisan Budget Act of 2015 ["the Act"], Pub. L. No. 114-74, § 1101, 129 Stat. 584, 625–38, repealed those procedures and struck 26 U.S.C. § 7422(h), the jurisdictional provision at issue. But those changes do not apply here because the Act is effective only for tax years after 2017. We therefore proceed using the statutory provisions

2

No. 21-20258

single, unified proceeding for determining the tax treatment of all "partnership items," i.e., those relevant to the partnership as a whole,[2] at the partnership level. *See Irvine,* 729 F.3d at 459.

Under the TEFRA framework, "partnership-related tax matters are addressed in two stages." *Woods*, 571 U.S. at 39. First, the IRS initiates an administrative proceeding at the partnership level to audit the partnership's return and make any necessary adjustments to partnership items. *Id.* If the IRS adjusts any partnership item, it must notify the partners by issuing a Notice of Final Partnership Administrative Adjustment ("FPAA"). *Rodgers v. United States*, 843 F.3d 181, 184 (5th Cir. 2016). The partnership, typically through its "tax-matters partner,"[3] may challenge the FPAA in the United States Tax Court, the Court of Federal Claims, or an appropriate district court. *Irvine*, 729 F.3d at 460 (citing 26 U.S.C. § 6226(a), (b)). If a partnership-level challenge is filed, each partner is deemed a party to the case and is bound by its outcome. *Rodgers,* 843 F.3d at 185 (citing 26 U.S.C. § 6226(c)(1)). "Once the adjustments to partnership items have become final, the IRS may undertake further proceedings at the partner level to make any resulting 'computational

---

applicable to the relevant time period, i.e., tax years 1984 and 1985. All citations to the Internal Revenue Code and Treasury regulations refer to the versions applicable to tax years 1984 and 1985.

[2] The term "partnership item" encompasses all items that are "more appropriately determined at the partnership level than at the partner level." *Irvine*, 729 F.3d at 459 (quoting *Weiner v. United States,* 389 F.3d 152, 154 (5th Cir. 2004)). These include "the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." *Id.* (quoting Treas. Reg. § 301.6231(a)(3)-1(b)). "The tax treatment of nonpartnership items," on the other hand, "requires partner-specific determinations that must be made at the individual partner level." *Id.* (quoting *Duffie,* 600 F.3d at 366).

[3] The tax-matters partner is "the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings and as the representative of the partnership in judicial proceedings." *Duffie*, 600 F.3d at 366 n.1.

adjustments' in the tax liability of the individual partners." *Woods*, 571 U.S. at 39 (citing 26 U.S.C. § 6231(a)(6)). The IRS can directly assess most computational adjustments against the partners, and the partners can challenge those assessments in post-payment refund actions. *See id.* (citing 26 U.S.C. § 6230(a)(1), (c)).

District courts generally have subject-matter jurisdiction over partner-level refund actions. *Rodgers*, 843 F.3d at 186 (citing 28 U.S.C. §§ 1340, 1346(a)(1); *Irvine*, 729 F.3d at 460). But, with limited exceptions, TEFRA deprives courts of jurisdiction over claims for refunds "attributable to partnership items." *Irvine*, 729 F.3d at 460 (quoting 26 U.S.C. § 7422(h)). In other words, "[i]f the refund is attributable to partnership items, section 7422(h) applies and deprives the court of jurisdiction. If . . . the refund is attributable to nonpartnership items, then section 7422(h) is irrelevant, and the general grant of jurisdiction is effective." *Rodgers*, 843 F.3d at 190 (alteration in original) (quoting *Irvine,* 729 F.3d at 461).

By 1987, the United States Internal Revenue Service ("IRS") had begun investigating AMCOR partnerships on suspicion that they were "impermissible tax shelters." *Duffie,* 600 F.3d at 367. In April 1991, after the investigation concluded, the IRS issued Notices of Final Partnership Administrative Adjustment ("FPAAs") to the tax-matters partners of each of the partnerships. The IRS determined that the partnerships actually engaged in a "a series of sham transactions," rather than farming activities, and proposed adjustments disallowing several listed farming expenses and other deductions.

After various proceedings and negotiations in tax court,[4] stipulated tax court decisions were entered, on July 19, 2001, relative to many of the

---

[4] This background information is discussed, at length, in our prior cases. *See Foster*, 801 F. App'x at 213; *Rodgers*, 843 F.3d at 188–90; *Irvine*, 729 F.3d at 458–59.

No. 21-20258

AMCOR partnerships, including the three partnerships in which Donald Baxter ("Baxter") owned limited partnership interests—Oasis Date Associates ("ODA"), Pump Station III Associates ("PS3"), and Agri-Venture 1985 ("AV85"). The decisions set forth the applicable stipulated monetary "adjustments to partnership items" for the specified partnership and state:

> That the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for tax year 1984 and 1985 are not barred by the provisions of I.R.C. § 6229."[5]

Thereafter, on September 2, 2002, the IRS assessed additional taxes against the Baxters for tax years 1984 and 1985 that were attributable to the limited partnership interests that Baxter owned in ODA, PS3, and AV85.

---

[5] The decision for each partnership accompanied a "Motion for Entry of Decisions Pursuant to Rule 248(b)," stating, in paragraphs 8 and 9:

> 8. The respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the FPAA Cases have reached contingent agreements with respect to all of the disputed partnership items at issue in the FPAA Cases. The portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith.

> 9. All partners in each partnership whose partnership items are to be determined in the FPAA Cases and who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings pursuant to the provisions of I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the Decision and that Decision becoming final, will be bound by the determination of the partnership items set forth therein, and will be assessed any additional tax resulting from the adjustments contained in the Decision documents pursuant to the provisions of I.R.C. §§ 6225, 6230(a) and 6231(a)(6) within the time period provided by I.R.C. § 6229(d).

No. 21-20258

After promptly paying the additional taxes, the Baxters filed this federal tax refund action in August 2004. In support of their refund claims, the Baxters contend the 2002 assessment was improper because no preceding deficiency notice was issued, in accordance with 26 U.S.C. § 6213, and, applying 26 U.S.C. § 6501, the assessment was untimely. The IRS contests the merits of the Baxters' contentions and maintains that subject matter jurisdiction is precluded by 26 U.S.C. § 7422(h).[6] Considering cross motions regarding these issues, the district court granted summary judgment in the Baxters' favor. This appeal followed.

## II.

On appeal, the IRS argues that the district court's summary judgment rulings cannot be reconciled with our decisions in *Foster,* 801 F. App'x at 214–16; *Rodgers* 843 F.3d at 190–97; *Irvine*, 729 F.3d at 459–60; *Kercher v. United States*, 539 F. App'x 517, 521–23 (5th Cir. 2013); *Scott v. United States*, 437 F. App'x 281 (5th Cir. 2011)(unpub.)(affirming for reasons stated in district court's opinion); *Curr-Spec Partners, L.P. v. Comm'r of Internal Revenue*, 579 F.3d 391, 395–400 & n. 20 (5th Cir. 2009); and *Weiner v. United*

---

[6] Although § 7422(h) was repealed in 2015, it applies to this dispute. *See* note 1. It states:

**§ 7422. Civil Actions for Refund**

**(a)-(g)** [omitted]

**(h) Special rule for actions with respect to partnership items**

　No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3) except as provided in section 6228(b) or section 6230(c).

*See* 28 U.S.C. § 7422(h) (repealed 2015).

No. 21-20258

*States*, 389 F.3d 152, 155–59 (5th Cir. 2004).  Despite the Baxters' substantial efforts to convince us otherwise,[7] we agree.

As have other AMCOR partners seeking refunds, the Baxters contend that the 2002 assessment is time-barred by 26 U.S.C. § 6501, because the April 1991 FPAAs for the three partnerships were issued more than three years after the filing dates of their joint individual tax returns (reflecting partnerships losses) in 1985 (for tax year 1984) and in 1986 (for tax year 1985). The Baxters also contend the assessment was invalid because it was not preceded, in accordance with 26 U.S.C. § 6213, by the issuance of a notice of deficiency.

A.  Untimely Assessment

We have previously determined that 26 U.S.C. § 7422(h) deprives district courts of subject matter jurisdiction over refund actions—whether filed by "settled" or "unsettled" AMCOR partners—that are premised on § 6501's time limitation. *See Foster*, 801 F. App'x at 215–16 (unsettled); *Rodgers*, 843 F.3d at 183, 188-92 (settled); *Irvine*, 729 F.3d at 462 (settled); *Kercher*, 539 F. App'x at 521-23 (unsettled); *Scott*, 437 F. App'x at *2-4 (settled). Our analysis in all of these decisions begins with our holding, in *Weiner*, that the § 6229 assessment period is a "partnership item" for purposes of the statutory prohibition, in 26 U.S.C. § 7422(h), against refund actions attributable to "partnership items." *See Foster*, 801 F. App'x at 215; *Rodgers*, 843 F.3d at 190 & n.55 (quoting *Irvine*, 729 F.3d at 461 (citing *Weiner*, 389 F.3d at 157–58)).[8] And "where a basis for a § 6229 extension [of

_____

[7] Notably, one or both of the Baxters' counsel of record have served as appellate counsel in all of the foregoing matters except *Curr-Spec Partners, L.P.*, which unlike the others, was not a refund action.

[8] In *Weiner*, we reasoned: "The timeliness of an FPAA affects the IRS's ability to make adjustments to partnership items, which in turn affects all partners alike. This

§ 6501(a)'s three-year period] is asserted, any limitations determination with regard to § 6501(a) must also involve the resolution of § 6229." *Irvine*, 729 F.3d at 461. In other words, "[w]here both are at issue, the § 6501 period cannot be separated from the § 6229 period." *Id.* Thus, where the § 6501 limitations period asserted in support of an individual partner's refund claim cannot be determined without reference to the government's asserted basis for extension under § 6229, a partnership item, § 7422(h) bars consideration of the refund action. *See Rodgers*, 843 F.3d at 191; *Irvine*, 729 F.3d at 461–62.

The same analysis applies here, despite the Baxters' assertions that, by virtue of 26 U.S.C. § 6226(c) and § 6226(d)(2), Baxter was not a "party" to the partnership proceedings in tax court and, even if he were a party, the tax court decisions involving ODA, PS3, and AV85 addressed § 6229's time period, *not* § 6501's. Our decision in *Rodgers* expressly rejected the same "nonparty" argument that the Baxters raise here. *Rodgers*, 843 F.3d at 192 (citing *Irvine*, 729 F.3d at 462).[9] The Baxters' emphasis of the tax court decisions' reference to § 6229, not § 6501, likewise is unavailing.

---

determination is more appropriately made at the partnership level. . . . The result advocated by the taxpayers here is at odds with TEFRA's goal of consolidating decisions that affect the partnership as a whole." 389 F.3d at 158.

[9] In *Prati v. United States,* 603 F.3d 1301, 1305–07 & n.4 (Fed. Cir. 2010), the Federal Circuit rejected such reasoning as "circular" and lacking merit. We agree with this characterization. The Baxters' non-party argument turns on the exception in 26 U.S.C. § 6226(d)(1)(B) to the "party" status that 26 U.S.C. § 6226(c) confers upon any person who was a partner during the partnership taxable year. Deciding the applicability of § 6226(d)(1)(B), however, relative to the expiration of the "period within which any tax attributable to such partnership items may be assessed against that partner" would require the very consideration of the asserted § 6229 extensions of § 6501's limitation period that § 7422(h) precludes.

As stated above, where determining whether a tax assessment complies with § 6501's three-year limitation period necessitates a determination of whether § 6229 has extended that period, as is true here, our decisions have *repeatedly* concluded that a "partnership item" is presented for determination. And § 7422(h) prohibits refund action courts from deciding partnership items in the first instance or re-evaluating a tax court's determination of those items. *Rodgers*, 843 F.3d at 192 ("'a refund court litigating or re-litigating a partnership item, such as the merits of the asserted § 6229 basis for an extension of the limitations period, is exactly the result prohibited by TEFRA'") (quoting *Irvine,* 729 F.3d at 462). Thus, in this instance, the district court lacked subject matter jurisdiction over the Baxters' § 6501 refund claims and reversibly erred in concluding the contrary.

B. Absence of Deficiency Notice

The district court also determined that the IRS's failure to issue deficiency notices to the Baxters for the 2002 tax assessment requires a refund of the additional sums paid. We likewise disagree with this determination.

Under TEFRA, a deficiency notice generally is not required where a partner is assessed for a "computational adjustment." *See* 26 U.S.C. § 6230(a) (repealed 2015); *see also* § 6231(a)(6) (repealed 2015) ("'computational adjustment' means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item").[10] A deficiency notice is necessary, however, for "any

---

[10] Section 6223 addresses the notices that must be provided to partners when an administrative partnership proceeding commences and completed. *See* 26 U.S.C. § 6223 (repealed 2015) .

deficiency attributable to—(i) affected items [requiring] partner level determinations. . . ." *See* 26 U.S.C. § 6230(a)(2)(A)(i) (repealed 2015). Citing § 6230(a)(2)(A)(i), the Baxters have asserted, and the district court agreed, that their 2002 assessment constitutes a "deficienc[y] attributable to [an] affected item[] [requiring] a partner level determination[]"—whether "a extension to their [§] 6501(a) [assessment] deadline existed."

As initial matter, we note that the absence of a deficiency notice was not asserted in the Baxters' administrative refund claim. Thus, the district court erred in considering this basis for relief in the Baxters' refund suit. *See Mallette Bros. Const. Co., Inc. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983) (variance doctrine bars taxpayers from raising grounds for recovery in refund suits that were not previously set forth in the administrative refund claim); *see also* 26 U.S.C. § 7422(a) (no suit or proceeding in court for recovery of income tax until administrative claim for refund has been duly filed according to pertinent provisions of law and "the regulations of the Secretary established in pursuance thereof"); 26 C.F.R. § 301.6402–2, Treas. Reg. § 301.6402–2(b) ("The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."). *El Paso CGP Company, L.L.C. v. United States*, 748 F.3d 225, 229 (5th Cir. 2014), which was cited by the Baxters, offers no reprieve from this requirement because, unlike in *El Paso,* no events relevant to taxpayers' notice of deficiency argument occurred *after* they filed their administrative refund claim.

Even if the opposite were true, the Baxters' argument that notice was required—because their deficiency was attributable to a violation of their § 6501 assessment deadline—misunderstands the meaning of "deficiency" as that term is defined by § 6211(a). Specifically, a "deficiency" is the monetary "amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44" exceeds the amounts shown on the taxpayer's return and

any amounts previously assessed or collected, after account for rebates. *See* 26 U.S.C. § 6211(a). Thus, a deficiency for purposes of § 6230(a)(2)(A)(i) is *not* defined as the amount of money, if any, that the *taxpayer* asserts is owed based on a statute of limitation. *See Rodgers,* 843 F.3d at 197 (taxpayer assertion that deficiency was $0 contravenes the statutory definition of deficiency). Furthermore, the 2002 assessment was, as stated in the tax court decisions for the three partnerships, "attributable to the adjustments of partnership items" on the relevant partnership returns, *not* a statute of limitations. [11]

### C. IRA Agent Janis Smith's Statement

Among their other arguments, the Baxters contend their discovery of a statement by IRA Agent Janis Smith renders our prior decisions inapplicable here. The Baxters are wrong. At issue is Agent Smith's statement, in a undated declaration taken from the *Foster* record, that "part of the preparation of the notice of computational adjustment is to calculate if the statute of limitations for assessment is open for the taxpayer." Assuming the truth of the statement, an IRS agent's practice of confirming that the extended assessment period, (provided by § 6229) has not expired, in preparing a notice of computational adjustment, cannot and does not override statutory jurisdictional limitations applicable to refund actions *as a matter of law*. Again, "where a basis for a § 6229 extension is asserted, any limitations determination with regard to § 6501(a) must also involve the resolution of § 6229." *Irvine*, 729 F.3d at 461. And § 7422(h) prohibits

---

[11] Nor is there any assertion that the Baxters' 2002 assessment reflects any amounts inconsistent with Baxter's proportionate share of the partnership adjustments reflected in the relevant tax court decisions.

No. 21-20258

federal court adjudications of the merits of a § 6229 extension of the § 6501 limitations period. *Rodgers,* 843 F.3d at 194; *Irvine*, 729 F.3d at 461–62.

## III.

The district court erred by not dismissing Plaintiffs-Appellees Baxters' refund claims for lack of subject matter jurisdiction. Accordingly, we REVERSE the judgment of the district court and REMAND with instructions to dismiss for lack of jurisdiction.

Additionally, Plaintiffs-Appellees' "Motion to Strike and Bar Consideration of Portions of the Opening Brief for the United States and the Reply Brief for the United States," which was carried with the case, is DENIED.